IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEWART MANAGO,

        Plaintiff,                      No. CIV S-12-0966 GGH P

    vs.

MATTHEW CATE, et al.,

                                    ORDER

        Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis. This case is before the undersigned pursuant to plaintiff's consent. Doc. 5.

        28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

1

1    The plain language of the statute (§ 1915(g)) makes clear that a prisoner is
2 precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought
3 three frivolous actions and/or appeals (or any combination thereof totaling three). See
4 Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). 28 U.S.C. § 1915(g) should be used to
5 deny a prisoner's in forma pauperis status only upon a determination that each action reviewed
6 (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous,
7 malicious or for failure to state a claim. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).
8 Dismissal of an appeal as frivolous after a district court dismissal on grounds that the action was
9 frivolous counts as a separate strike. Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).
10 However, Adepegba qualifies that insofar as affirmance only finds no error at district court level,
11 affirmance should not count as separate strike.[1] Id., at 387. On the other hand, when the appeal
12 is frivolous on a separate ground, then the appeal dismissal is also a strike. Id. at 388. See also
13 Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002); Moran v. Sondalle, 218 F.3d 647,
14 651-52 (7th Cir. 2000) (both noting that frivolous appeals count as a strike). In a recent case,
15 Silva v. Di Vittorio, 658 F.3d 1090 (9th Cir. 2011), the Ninth Circuit held that a district court
16 strike was not final until an appeal had been resolved.

17    The court takes judicial notice of the following cases which count as strikes:[2] 1)
18 Manago v. Myers, 3:90-cv-20256-MHP (N.D. Cal.) (dismissed October 9, 1991 for failure to
19 state a claim); 2) Manago v. Marshall, 3:94-cv-01528-MHP (N.D. Cal.) (dismissed March 25,
20 1998 for failure to state a claim and affirmed on appeal, 10 Fed. Appx. 540 (9th Cir. 2001)); and
21 3) Manago v. Gulare, 1:99-cv-05525-REC-SMS (E.D. Cal.) (dismissed March 17, 2000, for
22 \\\\\

---

[1] It also follows that an appellate court reversal would nullify a strike. Adepegba v. Hammons, 103 F.3d at 387.

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980)

failure to state a claim).[1]

Nor is the instant case subject to the exception for a plaintiff subject to "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff seeks monetary damages alleging that defendants retaliated against him for protected conduct. Plaintiff states that he reported staff for misconduct and several were fired in 2003 and 2004 and then he filed several inmate appeals in November and December 2009. In retaliation, plaintiff alleges he was validated as a gang member on December 31, 2009. Plaintiff admits that he is a gang member, but states he was validated for a different gang than he is in, and is therefore in danger from rival gang members. However, plaintiff states he was placed in the Secured Housing Unit, but is at risk for future danger from the rival gang members if they learn he was validated and is not in their gang. Moreover, plaintiff does not seek any injunctive relief such as the gang validation being removed, only monetary damages. As plaintiff states he is at risk for future danger and this occurred more than two years ago, this action fails to demonstrate imminent danger. The court also notes that plaintiff filed actions with very similar allegations on August 1, 2011, in Manago v. Gonzalez, 1:11-cv-1269-SMS (E.D. Cal.) and on March 30, 2012, in Manago v. Gonzalez, 1:12-cv-0488-DLB (ED. Cal.).

Accordingly, IT IS HEREBY ORDERED that plaintiff's in forma pauperis application (Doc. 2) is denied for the reasons set forth above and plaintiff shall pay the filing fee in full within 28 days. Failure to pay the filing fee will result in this case being dismissed.

DATED: April 30, 2012

   /s/ Gregory G. Hollows  
UNITED STATES MAGISTRATE JUDGE

GGH: AB  
mana0966.ifp

---

[1] In Manago v. Gonzalez, 1:11-cv-2003-AWI-JLT (E.D. Cal), plaintiff was found to be three strikes barred on March 12, 2012.

3