IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEWART MANAGO,

        Plaintiff,                       No. 2:12-cv-0966 GGH P

    vs.

MATTHEW CATE, et al.,

        Defendants.         <u>ORDER</u>

_____/

        Plaintiff has filed a request for reconsideration of this court's order filed May 1, 2012, where plaintiff's motion to proceed in forma pauperis was denied as plaintiff is three strikes barred pursuant to 28 U.S.C. § 1915(g). This case is before the undersigned pursuant to plaintiff's consent. Doc. 5.

<u>Standards For Motions To Reconsider</u>

        Although motions to reconsider are directed to the sound discretion of the court, <u>Frito-Lay of Puerto Rico, Inc. v. Canas</u>, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." The rule derives from the "law of the case" doctrine which

1  provides that the decisions on legal issues made in a case "should be followed unless there is
2  substantially different evidence . . . new controlling authority, or the prior decision was clearly
3  erroneous and would result in injustice."  Handi Investment Co. v. Mobil Oil Corp., 653 F.2d
4  391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert.
5  denied, 475 U.S. 1064 (1986).

6        Courts construing Federal Rule of Civil Procedure 59(e), providing for the
7  alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle
8  permitting the unsuccessful party to "rehash" arguments previously presented, or to present
9  "contentions which might have been raised prior to the challenged judgment."  Costello v. United
10 States, 765 F.Supp. 1003, 1009 (C.D. Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260,
11 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa.
12 1991).  These holdings "reflect[] district courts' concerns for preserving dwindling resources and
13 promoting judicial efficiency."  Costello, 765 F.Supp. at 1009.

14       In the instant action, plaintiff has not raised any new arguments; rather he repeats
15 the same allegations presented in the complaint regarding how he is in imminent danger, that the
16 court addressed before.

17       Therefore, IT IS HEREBY ORDERED that, upon reconsideration, this court's
18 order of May 1, 2012, is affirmed.

19 DATED: June 6, 2012

20       /s/ Gregory G. Hollows
      UNITED STATES MAGISTRATE JUDGE

21 GGH: AB
mana0966.850

2